IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCEL WILLIS,

        Plaintiff,                No. CIV S-10-1631 MCE GGH P

        vs.

FOLSOM STATE PRISON
MEDICAL STAFF, et al.,

        Defendants.            ORDER

                                  /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed August 17, 2010, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
16  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
17  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
18  Id.

19  In reviewing a complaint under this standard, the court must accept as true the
20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23  1843 (1969).

24  The complaint states a colorable claim for relief against defendants Sergeant
25  Curry; Correctional Officer (C/O) Douchow; C/O Vasquez; Correctional Counselor (CC) I
26  Johnston; Appeal Coordinator Casey; Dr. Lee; Registered Nurse (RN) Pete; RN Diana

1  O'Laughlin; Captain Hayward, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

2  As to the above-named defendants, the undersigned finds that plaintiff has framed a somewhat limited but colorable Eighth Amendment claim of deliberate indifference to a serious medical condition in his amended complaint.  However, as to his broad-sweeping claim of having his mail and stamps taken and his packages "illegally returned" as an act of retaliation (Amended Complaint (AC), p. 5), plaintiff fails to links these alleged acts sufficiently to any named defendant.  That he claims that defendants Prunity and Haworth sent a package back without cause as a form of retaliation is not enough to frame a claim.  Plaintiff must be more specific in identifying the circumstances of the package being returned and must allege how the claimed return of the package was an act in retaliation.

> Generally, prisoners have 'a First Amendment right to send and receive mail.'  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curium).  However there must be a 'delicate balance' between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. Thornburgh [v. Abbott], 490 U.S. [401] at 407-08, 109 S.Ct. 1874 [(1989)].  Prison officials have more leeway to regulate incoming than outgoing mail because of the greater security risks inherent in materials coming into a prison. Id. at 413, 109 S.Ct. 1874.  Turner is applicable to regulations and policies regarding all incoming mail; therefore, regulations and policies involving incoming mail are 'valid if [they] are reasonably related to legitimate penological interests.' Turner [v. Safley], 482 U.S. [78] at 89, 107 S.Ct. 2254 [(1987)].

Sikorski v. Whorton, 631 F.Supp.2d 1327, 1340-41 (D. Nev. 2009).  Plaintiff's insufficiently framed First Amendment claims regarding his mail and package(s) as to defendants Prunity and Haworth will be dismissed but plaintiff will be granted one further opportunity to amend.

Plaintiff's claims of conspiracy regarding defendants Dunlap, Johnston, Tennison and Hayward arising from plaintiff's having been called to unidentified "meetings on 4/20/09, 6/18/09, and 6/23/09" at which these defendants "were already present" (AC, p. 5) are not colorable where his allegation is apparently that these defendants conspired to show deliberate indifference to his pain and suffering.  Plaintiff has provided insufficient information as to the

3

"meetings" and has failed to demonstrate how they resulted in deliberate indifference to his medical condition. It is not enough to say simply "back to work." AC, p. 5. As to his claims of conspiracy, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984). Plaintiff's claims of conspiracy regarding defendants Dunlap, Johnston, Tennison and Hayward will be dismissed with further leave to amend.

Plaintiff must also provide a clearer factual predicate for his claim that the 115 hearing at which he claims he was falsely found guilty which he alleges was in retaliation for his having filed 602 appeals based on defendant Quarte having told defendant Tennison that he/she owed him dinner "for this one." Amended Complaint, pp. 4-5. In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990). Defendants First Amendment claims against defendants Quarte and Tennison are dismissed with one further opportunity for plaintiff to amend.

As to defendants Bickford and Barker, plaintiff fails to link these individuals to any allegations of a constitutional deprivation he suffered within the body of his amended complaint, and his claims against them will be dismissed with one more opportunity to amend.

If plaintiff chooses to amend the amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Prunity; Haworth; Dunlap, Quarte, Tennison; Bickford; Barker are dismissed, as is any claim of conspiracy against defendants Johnston and Hayward, for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this Order.  Failure to file a second amended complaint will result in a recommendation that these defendants/claims be dismissed from this action.

1  2. Upon filing a second amended complaint or expiration of the time allowed
2 therefor, the court will make further orders for service of process upon some or all of the
3 defendants.
4 DATED: October 8, 2010                         /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
will1631.ord