IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL WILLIS,

        Plaintiff,                      No. CIV S-10-1631 MCE GGH P

   vs.

FOLSOM STATE PRISON
MEDICAL STAFF, et al.,

        Defendants.           ORDER

_____/

       Plaintiff, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, while a state prisoner. It appears plaintiff has subsequently paroled. Most of the defendants answered the amended complaint on April 21, 2011, while at least one remained unserved at that time. A discovery and scheduling order issued, setting a September 23, 2011, deadline and a pretrial dispositive motion filing deadline of January 27, 2012. Docket # 29. However, in light of the remaining defendant upon whom service has not yet been completed, it is not likely that the current deadlines will be sustained, as the discovery deadline has passed without the remaining defendant having yet been served.

       Plaintiff filed a document, on September 16, 2011, requesting that his deposition be taken via phone conference because he, as a parolee, is not allowed to travel more than 50 miles and thus cannot come to Sacramento. Plaintiff did not state when he was scheduled to be

1

deposed nor where the deposition was noticed to take place.  He did provide telephone numbers at which he states he may be contacted by defendants.  As the present discovery cut-off has passed, and no further communication has been forthcoming from either side, the court is unable to determine how the parties have resolved the question.  In any event, plaintiff's incomplete request must be denied.

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS ORDERED that plaintiff's motion regarding the taking of his deposition, filed on September 16, 2011 (docket # 38), is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Docket No. 15) is denied.

DATED: November 1, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
will1631.ord