1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCELL WILLIS,

12            Plaintiff,                      No. 2:10-cv-1631 KJM GGH P

13       vs.

14   FOLSOM STATE PRISON
     MEDICAL STAFF, et al.,
15
              Defendants.                     ORDER
16
     _____/
17

18            Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C.

19   § 1983 and defendants' motion for dismissal or partial dismissal for failure to exhaust

20   administrative remedies, pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil

21   Procedure, is currently pending.  Plaintiff was previously informed of the requirements to oppose

22   a motion to dismiss for failure to exhaust pursuant Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14

23   (9th Cir. 2003).  However, in light of Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir.

24   July 6, 2012), plaintiff will be informed again.

25            Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court

26   hereby informs plaintiff of the following requirements for opposing a motion to dismiss for

                                                1

1   failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a

2   request that the court dismiss without prejudice any unexhausted claims.  The moving party may

3   submit affidavits or declarations under penalty of perjury and admissible documents to support

4   the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under

5   penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made

6   under penalty of perjury in the operative complaint if that complaint shows that plaintiff has

7   personal knowledge of the matters stated and plaintiff specifies the parts of the operative

8   complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or

9   declarations sworn to by other persons who have personal knowledge of relevant matters.  In

10  addition, plaintiff may rely on written records, but plaintiff must prove that the records are what

11  plaintiff asserts they are.  If plaintiff fails to contradict defendant's evidence with admissible

12  evidence, the court may rely on defendant's evidence.  In the event both sides submit matters

13  outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of

14  fact.  If plaintiff does not file a written opposition to the motion, the court may consider the

15  failure to act as a waiver of opposition to the motion.  <u>See</u> L.R. 230(l).  If the court grants the

16  motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be

17  dismissed without prejudice.  A motion or opposition supported by unsigned affidavits or

18  declarations will be stricken.

19          Plaintiff will be provided 21 days to file additional evidentiary submissions if he

20  wishes, but it is not required.  No extensions will be given.

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

2

1    Accordingly, IT IS HEREBY ORDERED that plaintiff will be provided 21 days

2  to file additional evidentiary submissions if he wishes, but it is not required.  There will be no

3  extension of time.

4  DATED: July 11, 2012

5                                                    /s/ Gregory G. Hollows
                                          UNITED STATES MAGISTRATE JUDGE

6  GGH: 009
   will1631.brf

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26