IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL WILLIS,

    Plaintiff,                    No. 2:10-cv-1631 KJM GGH P

    vs.

FOLSOM STATE PRISON
MEDICAL STAFF, et al.,

    Defendants.           ORDER

_____/

    Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. By order filed on July 11, 2012, defendant Johnston was granted fourteen days to show cause why defendant Johnston should be found to be in default for having failed to provide a timely response. Defendant's counsel's response indicates the omission was entirely inadvertent and counsel has now filed a belated answer on defendant Johnston's behalf. The court will excuse defendant's tardiness on this representation, find defendant Johnston not to be in default and deem the show cause order discharged.[1]

---

[1] Defendants counsel appears to believe that the court is without power to enter default *sua sponte*. Indeed, the rule requires *the clerk* to enter default (who may, of course act without motion) when a sued party has been shown to be in default by affidavit "or otherwise", e.g., court records. Fed. R. Civ. P. 55(a). Nothing in the rule requires the clerk to await a formal motion by

1

1   IT IS SO ORDERED.

2   DATED: September 20, 2012

3
                              /s/ Gregory G. Hollows
4                       UNITED STATES MAGISTRATE JUDGE

5   GGH: 009
    will1631.ord

---

the party seeking default, a motion which the clerk is not authorized to adjudicate.  The court's order to show cause was simply a "wake-up call" to act before the clerk entered default because the records of the court showed that a defendant in this case had possibly not responded/answered.  No good deed.....