IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELL WILLIS,

      Plaintiff,                    No. 2:10-cv-1631 KJM AC P

      vs.

FOLSOM STATE PRISON
MEDICAL STAFF, et al.,

      Defendants.                ORDER

/

      Plaintiff, a former state prisoner, proceeds pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' belated motion for leave to file a motion for summary judgment, filed on March 13, 2013 (ECF No. 62).

      The January 27, 2012 deadline for filing pretrial dispositive motions was set in this case in the Discovery and Scheduling Order filed on April 26, 2011 (ECF No. 29). Defendants sought and were granted an extension of time until February 27, 2012 to file a motion to dismiss for failure to exhaust administrative remedies by order filed on January 30, 2012 (ECF No. 45).  The findings and recommendations, filed on August 10, 2012 (ECF No. 51), recommending the motion to dismiss be granted in part and denied in part were adopted by order filed on September 25, 2012 (ECF No. 55).  Defendants' motion to dismiss for failure to

exhaust administrative remedies was granted as to two defendants and denied as to defendants Lee, Vasquez, Hayward, Dochow, Curry and Damian and the case was to proceed to trial. ECF No. 55. On October 15, 2012, a further scheduling order was filed setting a pretrial conference before the magistrate judge, on January 25, 2013, and a trial confirmation hearing on May 16, 2013 and a jury trial on September 16, 2013 before Judge Mueller. ECF No. 56. Thereafter, the parties filed their pretrial statements and the undersigned issued a Pretrial Order (ECF No. 60) on January 24, 2013. In the Pretrial Order, inter alia, the dates for the trial confirmation hearing and the jury trial before Judge Mueller, as previously set forth in the Further Scheduling Order, were re-confirmed.

Defendants' tardy motion for leave to file a summary judgment motion relies on Rules 6(b)(1)(B) and 60(b)(1), Fed. R. Civ. P. Defendants contend that their failure to seek modification of the scheduling order prior to expiration of the dispositive motion deadline constitutes excusable neglect under both provisions of the rules. Specifically, defendants' counsel suggests that the pendency of the motion to dismiss excuses the failure to timely file a summary judgment motion. However, even if defendants were justified in seeking dismissal pursuant to Rule 12(b) prior to preparing a motion for summary judgment, nothing prevented them from seeking modification of the scheduling order to permit a summary judgment motion immediately upon resolution of the motion to dismiss. This defendants failed to do. Neither did they seek prompt reconsideration of the January Pretrial Order that re-affirmed deadlines. Instead, defendants have waited almost to the date set for the trial confirmation hearing.

Defendants fail to present a satisfactory explanation for being so dilatory. Nonetheless, the court agrees with defendants that it would be a waste of judicial resources to proceed to a jury trial without considering a motion which might dispose of, or at least narrow, the issues. In the interests of efficiency and judicial economy, this court will permit defendants to bring a motion for summary judgment. Nonetheless, the court will require defendants to show cause within fourteen days why sanctions should not be imposed for dilatoriness in this matter.

Accordingly, IT IS ORDERED:

1. Defendants' motion for leave to bring a summary judgment (ECF No. 62) is granted, and defendants have until April 15, 2013, to file their summary judgment motion.  <u>There will be no extension of time absent extraordinary circumstances</u>;

2. Following service of the summary judgment motion, plaintiff will have thirty days to respond, after which defendants will have seven days to file a reply;

3. The dates previously set for the trial confirmation hearing (May 16, 2013) and for the jury trial (September 16, 2013) are hereby VACATED, to be re-set, if appropriate, upon adjudication of defendants' motion for summary judgment; and

4. Defendants must show cause, within fourteen days, why monetary sanctions should not be imposed for the inordinate tardiness of the motion at ECF. No. 62.

DATED: March 14, 2013.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009/will1631.ord